UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D. L.,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>Leland Dudek, et al.,[2]<br>Acting Commissioner of Social Security,<br><br>        Defendants. | Case No. 24-cv-06590-PHK<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S REQUEST TO REVERSE AND REMAND; ORDER OF REMAND**<br><br>Re: Dkts. 12 and 18 |

This case is an appeal from the denial of Social Security benefits. Now before the Court is Plaintiff D. L.'s brief requesting that the Court "reverse the decision of the Commissioner, and remand with instructions to award benefits pursuant to sentence four of 42 U.S.C. § 405(g)." [Dkt. 12]. Alternatively, Plaintiff D. L. requests that "the Court [] remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)." *Id.* Defendant Leland Dudek, Acting Commissioner of Social Security ("Commissioner"), moves for an order remanding this action for further administrative proceedings pursuant to the Social Security Act § 205(g), as amended, 42 U.S.C. § 405(g), sentence four. [Dkt. 18 at 2]. After carefully considering the briefing and all relevant documents, the Court finds this matter appropriate for disposition without oral argument. Civil L. R. 7-1(b). As discussed herein, the Court **DENIES-IN-PART** and **GRANTS-IN-PART**

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just both initials) of the Plaintiff in the Court's public Orders out of an abundance of caution and regard for the Plaintiff's potential privacy concerns.
[2] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is "automatically Substituted" for Michelle King as the named Defendant in this suit.

1    Plaintiff D. L.'s requested relief.

## RELEVANT BACKGROUND

On August 21, 2024, Plaintiff D. L. applied for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, alleging he became disabled on January 10, 2013. AR 15. On June 12, 2015, the Commissioner of Social Security denied the application initially and on reconsideration. *Id.* On February 27, 2018, an Administrative Law Judge ("ALJ") issued a decision finding Plaintiff D. L. was not disabled. AR 15–28. On December 16, 2020, the Appeals Council denied Plaintiff D. L.'s request for review. AR 1954. Plaintiff D. L. sought review of the denial, and on June 29, 2020, the United States District Court for the Northern District of California remanded for further proceedings. AR 2313. On remand, an ALJ held another hearing and received testimony from Plaintiff D. L. and a vocational expert. AR 3484. On January 26, 2022, the ALJ issued a decision finding Plaintiff D. L. not disabled. AR 3463–84. Plaintiff D. L. filed an appeal of this second adverse decision in the Northern District of California, and on September 14, 2022, the parties to that case stipulated to a remand for further administrative proceedings. AR 3498-3500. On May 28, 2024, the ALJ held a third hearing and issued a decision denying benefits. AR 3395–3427.

On September 19, 2024, Plaintiff D. L. filed a Complaint for judicial review of the denial of benefits. [Dkt. 1]. Before the briefing on the ultimate merits of the complaint was filed, "Counsel for the respective parties engaged in good faith settlement discussions but could not come to an agreement on the terms of a voluntary remand[.]" [Dkt. 18 at 2].

On January 17, 2025, Plaintiff D. L. filed the instant brief requesting that the Court "reverse the decision of the Commissioner, and remand with instruction[s] to award benefits pursuant to sentence four of 42 U.S.C. § 405(g)." [Dkt. 12]. Alternatively, Plaintiff D. L. requests that "the Court [] remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)." *Id.*

On March 14, 2025, the Commissioner filed its response, after being granted leave to extend the time to file its response, in which the Commissioner responded to Plaintiff's request for an order remanding this action for further administrative action pursuant to the Social Security Act § 205(g),

2

1 as amended, 42 U.S.C. § 405(g), sentence four. [Dkt. 18 at 2]. On March 28, 2025, D. L. filed a
2 reply to the Commissioner's opposition. [Dkt. 19].

## LEGAL STANDARD

In Social Security disability cases, the Court's review is limited to determining whether: (1) substantial evidence supports the Commissioner's decision; and (2) the Commissioner's decision comports with relevant legal standards. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *see generally* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill,* 587 U.S. 97, 102 (2019) (citation and internal quotation marks omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

A reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (citation and internal quotation marks omitted). If "the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted).

Further, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)).

## DISCUSSION

This appeal from the denial of Social Security benefits is procedurally unusual. The Parties do not dispute that the Commissioner's final decision here is not supported by substantial evidence and the Parties do not dispute otherwise. [Dkt. 12; Dkt. 18 at 3]. The gravamen of the dispute centers around whether this case is one of those "rare circumstances" justifying the Court in finding here and now that (1) Plaintiff D. L. is disabled, (2) reverse the Commissioner's decision, and (3)

1  remand with instructions to award benefits pursuant to sentence four of 42 U.S.C. § 405(g). Dkt.
2  12 at 18–19; Dkt. 18 at 3–4.

3  "An automatic award of benefits in a disability benefits case is a rare and prophylactic
4  exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044
5  (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir.
6  2014)). "Before ordering that extreme remedy, we must first satisfy ourselves that three
7  requirements have been met." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). "First,
8  we must conclude that 'the ALJ has failed to provide legally sufficient reasons for rejecting
9  evidence, whether claimant testimony or medical opinion.'" *Id.* (quoting *Garrison v. Colvin*, 759
10 F.3d 995, 1020 (9th Cir. 2014)). "Second, we must conclude that 'the record has been fully
11 developed and further administrative proceedings would serve no useful purpose.'" *Id.* "Third, we
12 must conclude that 'if the improperly discredited evidence were credited as true, the ALJ would be
13 required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).
14 "Finally, even if all three requirements are met, we retain 'flexibility' in determining the appropriate
15 remedy." *Id.* "We may remand on an open record for further proceedings 'when the record as a
16 whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of
17 the Social Security Act.'" *Id.*

18 Here, both Parties agree the second requirement for an automatic award of benefits without
19 remand (whether the record has been fully developed and further administrative proceedings would
20 serve no useful purpose) is ***not*** satisfied. The second requirement "will not be satisfied if 'the record
21 raises crucial questions as to the extent of [a claimant's] impairment given inconsistencies between
22 his testimony and the medical evidence in the record,' because '[t]hese are exactly the sort of issues
23 that should be remanded to the agency for further proceedings.'" *Brown-Hunter*, 806 F.3d at 495
24 (quoting *Treichler*, 775 F.3d at 1105) (alterations in original). "Importantly, we are 'to assess
25 whether there are outstanding issues requiring resolution before considering whether to hold that
26 the claimant's testimony is credible as a matter of law.'" *Id.* "This is because 'a reviewing court is
27 not required to credit claimants' allegations regarding the extent of their impairments as true merely
28 because the ALJ made a legal error in discrediting their testimony.'" *Id.* (quoting *Treichler*, 775

F.3d at 1106). "The touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Id.* "To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make 'disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" *Id.* (quoting *Treichler*, 775 F.3d at 1106).

The Commissioner admits, and argues for remand on the grounds, that the record has not been fully developed because it is unclear whether the ALJ took into account the testimony of a nurse practitioner witness. *See* Dkt. 18 at 6–7 (The Commissioner argues: "Here, the record has not been fully developed because it is unclear from the ALJ's decision whether Plaintiff's residual functional capacity finding had to account for the limitations related to the need to elevate feet as described in [Nurse Practitioner] deBree's opinion."). Similarly, Plaintiff D. L. argues that the ALJ failed to take into account the medical opinion of that very same nurse practitioner witness. *See* Dkt. 12 at 16 (Plaintiff D. L. argues "In this case, the ALJ failed to evaluate the medical opinion of Olivia deBree, [Nurse Practitioner], from the Lifelong Clinic. [citation omitted] It appears the ALJ did not even consider Ms. deBree's opinion because the ALJ wrote that Dr. Chow's opinion regarding a leg elevation limitation was 'not noted by any other provider[.]'").

Because both Parties agree that the ALJ failed to take into account the medical testimony of the same witness, there can be no serious dispute that the record has not been fully developed. Accordingly, Plaintiff has not shown that the second requirement for awarding benefits now is satisfied. This case is not a "rare circumstance" justifying that this Court reverse and order payment of benefits on remand. *Brown-Hunter*, 806 F.3d at 495; *Treichler*, 775 F.3d at 1105; *Leon*, 880 F.3d at 1044. Accordingly, the Court **DENIES** Plaintiff D. L.'s request for reversal and remand for payment of benefits without further findings by the ALJ.

For the foregoing reasons, the undersigned finds that this case is not a "rare circumstance" justifying remand and an order by this Court to award benefits, and accordingly, **DENIES** Plaintiff D. L.'s request for such a finding and order.

Indeed, because both Parties agree that this case should be remanded for further administrative proceedings pursuant to 42 U.S.C. § 405(g), the Court **GRANTS** such request and **ORDERS** that this final decision in this case be reversed and remanded accordingly.

# CONCLUSION

**IT IS ORDERED** that this action is remanded to the Commissioner of Social Security for further proceedings pursuant to the fourth sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter a final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner.

Upon proper presentation, Plaintiff will be entitled to attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.*

This **RESOLVES** Dkts. 12 and 18.

**IT IS SO ORDERED.**

Dated: April 4, 2025

_____
PETER H. KANG
United States Magistrate Judge